Dana M. Herberholz, ISB No. 7440
Christopher Cuneo, ISB No. 8557
Jamie K. Ellsworth, ISB No. 8372
Jordan L. Stott, ISB No. 9820
PARSONS BEHLE & LATIMER
800 W. Main Street, Suite 1300
Boise, ID  83702
Telephone:  (208) 562-4900
Facsimile:  (208) 562-4901
Email:  dherberholz@parsonsbehle.com
         ccuneo@parsonsbehle.com
         jellsworth@parsonsbehle.com
         jstott@parsonsbehle.com

Attorneys for Plaintiff
Adaptive Tactical, LLC

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ADAPTIVE TACTICAL, LLC, an Idaho Limited Liability Company,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>FAB MANUFACTURING & IMPORT OF INDUSTRIAL EQUIPMENT LTD., an Israel company; and MAKO SECURITY, INC., a New York company,<br><br>　　　　　　Defendants. | Case No. 1:16-cv-48<br><br>COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL |

Plaintiff Adaptive Tactical, LLC ("Plaintiff" or "Adaptive Tactical"), by and through its

undersigned counsel of record, Parsons Behle & Latimer, by way of complaint against Defendants

COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL - 1

FAB Manufacturing & Import of Industrial Equipment Ltd. ("FAB Defense") and Mako Security, Inc. ("Mako Group") (collectively, "Defendants"), hereby alleges and avers as follows:

## NATURE OF THE ACTION

1. This is an action arising under the United States Patent Laws, 35 U.S.C. §§ 1, *et seq.*, including 35 U.S.C. § 271. Adaptive Tactical brings this action to stop Defendants' infringement of U.S. Patent No. 8,056,278 titled "Barrel Insert" ("the '278 Patent"), attached hereto as Exhibit A. Adaptive Tactical seeks injunctive relief prohibiting Defendants from making, using, offering for sale, selling, and/or importing firearm components and accessories infringing the '278 Patent, as well as an award of monetary damages to compensate Adaptive Tactical for Defendants' infringement of the '278 Patent.

## PARTIES

2. At all times relevant hereto, Adaptive Tactical was and now is an Idaho Limited Liability Company duly organized and existing under the laws of the State of Idaho, and having a principal place of business in Nampa, Idaho. Adaptive Tactical is the assignee of the entire right, title, and interest to the '278 Patent.

3. On information and belief, at all times relevant hereto, FAB Defense was and now is an Israeli company having a principal place of business in Mishmar Hashiva, Israel. FAB Defense is in the business of making, selling, offering to sell, and importing firearm components and accessories.

4. On information and belief, at all times relevant hereto, the Mako Group was and now is a New York company organized under the laws of the State of New York, and having a principal place of business in Farmingdale, New York. The Mako Group is in the business of making, selling, offering to sell, and importing firearm components and accessories.

**JURISDICTION AND VENUE**

5. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. On information and belief, Defendant FAB Defense is subject to this Court's specific and general personal jurisdiction, pursuant to due process and/or the Idaho Long Arm Statute, Idaho Code § 5-514, due at least to its substantial business in this forum, including but not limited to selling and offering to sell the infringing products to customers and/or retailers in this District and inserting the infringing products into the stream of commerce knowing such products would be sold or offered for sale in this District, which acts form a substantial part of the events giving rise to Adaptive Tactical's claim.

7. On information and belief, Defendant the Mako Group is subject to this Court's specific and general personal jurisdiction, pursuant to due process and/or the Idaho Long Arm Statute, Idaho Code § 5-514, due at least to its substantial business in this forum, including but not limited to selling, offering to sell, importing, and/or distributing the infringing products to customers and/or retailers in this District and inserting the infringing products into the stream of commerce knowing such products would be sold or offered for sale in this District, which acts form a substantial part of the events giving rise to Adaptive Tactical's claim.

8. On information and belief, without limitation, within this forum, Defendants have sold or offered for sale firearm components including, but not limited to, FAB Defense's Ruger 10/22 Tactical Sport Stock models UAS R10/22, M4 R10/22, UAS Pro R10/22, and M4 Pro R10/22 (the "Accused Products").

9. The Accused Products are available from numerous online outlets such as Sears, K-Mart, Zahal, Optics Planet, and Overstock.com. *See Fab Defense Ruger 10/22 M4 Collapsible*

*Stock Conversion Kit*, SEARS, http://www.sears.com/fab-defense-ruger-10-22-m4-collapsible-stock-conversion/p-089V009024095000P?TecPara=159_4555 (last visited Jan. 29, 2016) (listed price of $184.25); *Ruger 10/22 Tactical Conversion Kit w/ M4 Collapsible Stock*, K-MART, http://www.kmart.com/fab-defense-ruger-10-22-m4-collapsible-stock-conversion/p-089V009024095000P (last visited Jan. 29, 2016) (listed price of $184.25); *Ruger 10/22 Tactical Conversion Kit w/ M4 Collapsible Stock,* ZAHAL ISRAELI TACTICAL GEAR, http://www.zahal.org/products/fab-defense-ruger-10-22-tactical-conversion-kit-with-m4-collapsible-butt-stock-for-sale?path_parent=357849 (last visited Jan. 29, 2016) (listed price of $145.00 and offering international shipping); *FAB Defense Ruger 10/22 Precision Stock Conversion Kit UAS R10/22-OD w/ Free Shipping*, OPTICSPLANET.COM, http://www.opticsplanet.com/fab-defense-ruger-10-22-precision-stock-conversion-kit.html (last visited Jan. 29, 2016) (listed price of $141.40); and *FAB Defense Ruger 10/22 UAS Precision Stock Conversion Kit*, OVERSTOCK.COM, http://www.overstock.com/Sports-Toys/FAB-Defense-Ruger-10-22-UAS-Precision-Stock-Conversion Kit/10811516/product.html?refccid=O3BQFBYUZWZLYTSGMFRCTZ5KOQ&searchidx=44 (last visited Jan. 29, 2016) (listed price of $141.40).

10.     Further, on information and belief, Defendants have interactive websites which are used in and accessible in this forum.  These interactive websites include, but are not limited to, http://www.fab-defense.com and http://www.themakogroup.com.  Further, on information and belief, Defendants are subject to the Court's general jurisdiction, including due to regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to persons or entities in Idaho.

COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL - 4

11.     Venue is proper in this District under 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b) because Defendants do business in the State of Idaho and in this District, have committed acts of infringement in this District, are subject to personal jurisdiction in this District, and a substantial part of the events or omissions giving rise to this claim have occurred in this District.

## PATENT IN SUIT

12.     The '278 Patent was duly and legally issued by the United States Patent and Trademark Office on November 15, 2011.  The named inventor is James K. Bentley.

13.     The original assignee of the '278 Patent was Krow Innovation, LLC.  On March 20, 2013, Krow Innovation, LLC assigned all right, title, and interest in the '278 Patent to Adaptive Tactical, LLC.  A true and correct copy of the March 20, 2013 Assignment is attached hereto as Exhibit B.

## FACTS GIVING RISE TO THIS ACTION

14.     Adaptive Tactical is engaged in the manufacture and sale of firearm components and accessories.  Adaptive Tactical is the manufacturer and retailer of several lines of firearm stocks that have enjoyed substantial success and are protected by various intellectual property rights owned by Adaptive Tactical.  Adaptive Tactical invests significant resources in protecting the intellectual property embodied by its products.

15.     Adaptive Tactical marks patented articles covered by the '278 Patent.  For example, Adaptive Tactical's Adtac™ Rm4 / Rm4-Se Ruger® 10/22 Rifle Stock is marked with "U.S. PAT. NO. 8,056,278 B2."

16.     FAB Defense makes, uses, sells, offers for sale, and imports into the United States firearm components and accessories, including the Accused Products, in competition with Adaptive Tactical.

17. The Mako Group sells, offers for sale within the United States, and imports into the United States firearm components and accessories, including the Accused Products. Upon information and belief, the Mako Group is an authorized distributor and agent of FAB Defense, authorized by FAB Defense to sell, offer for sale, and distribute in the United States FAB Defense's products, including the Accused Products.

18. Defendants were aware, prior to the filing of this lawsuit, of the '278 Patent. Defendants were aware of the '278 Patent since at least November 30, 2015, when Adaptive Tactical contacted FAB Defense's CEO, Sagi Faifer, regarding FAB Defense's use of the technology involved in the '278 Patent and included a copy of the '278 Patent. Defendants were at least willfully blind as to the existence of the '278 Patent. A true and correct copy of Adaptive Tactical's November 30, 2015 correspondence to Defendant FAB Defense is attached hereto as Exhibit C. A true and correct copy of Defendant FAB Defense's response to Adaptive Tactical's November 30, 2015 correspondence is attached hereto as Exhibit D.

19. On information and belief, Defendants possess the expertise required to understand the scope of claims in the '278 Patent.

20. Defendants do not have a license to the '278 Patent.

21. On information and belief, Defendants made, sold, offered for sale within the United States, and/or imported into the United States products covered by one or more claims of the '278 Patent, including, but not limited to the Accused Products.

22. On information and belief, Defendants' manufacture, use, sale, offer for sale, and/or importation of the Accused Products constitutes infringement of at least one claim of the '278 Patent, either directly, indirectly, or under the doctrine of equivalents.

23. Adaptive Tactical therefore seeks damages and a permanent injunction against Defendants' manufacture, use, sale, offer for sale, or importation of the Accused Products and any other of Defendants' products or systems that infringe any claims of the '278 Patent.

24. The allegations with respect to the asserted patent claims, Accused Products, and accused features are exemplary. Discovery has not yet begun. Adaptive Tactical reserves the right at the appropriate time and in accordance with the Court's anticipated scheduling order to assert additional claims, accuse additional products, and accuse additional features.

**FIRST CAUSE OF ACTION**
**Infringement of the '278 Patent**

25. Paragraphs 1-24 are incorporated by reference as if set forth here in full.

26. On information and belief, Defendants have made, sold, offered for sale, imported, and/or used products in the United States, including the Accused Products, which include all of the elements and limitations of one or more of the claims of the '278 Patent.

27. Defendants have directly infringed and currently infringe the '278 Patent under 35 U.S.C. § 271(a), literally and/or under the doctrine of equivalents, including at least claims 1, 13, and 16 of the '278 Patent, by making, using, selling, offering for sale, and/or importing the Accused Products without Adaptive Tactical's permission.

28. Defendants have marketed the Accused Products as compatible with both standard and bull (target) barreled RUGER 10/22 rifles.

29. On information and belief, the Accused Products utilize an insert for a stock of a firearm to enable compatibility with both standard and bull (target) barreled RUGER 10/22 rifles.

30. On information and belief, the insert of the Accused Products includes a body curved about a longitudinal axis to create a first barrel receptacle between a first edge and a second

edge of the body.  The body of the insert includes a first end and a second end.  The first barrel receptacle of the insert conforms to or is configured to house a standard barrel.

31. On information and belief, the first and second edges of the body of the insert include a texture that corresponds to a texture on the stock of the Accused Products.

32. On information and belief, the body of the insert is configured to be inserted into and to mate with a second barrel receptacle formed in the stock of the Accused Products.  Without the insert, the second barrel receptacle in the stock is configured to house a bull (target) barrel.

33. On information and belief, the top side of the body of the insert is curved about the longitudinal axis, between the first and second edges of the body, to form the first barrel receptacle of the insert.

34. On information and belief, the longitudinal axis is aligned with the body of the insert from a receiver end to a muzzle end.

35. On information and belief, the first barrel receptacle of the insert has a narrowing taper extending at least partially from the receiver end to the muzzle end.  The curve of the bottom side of the insert is substantially untapered opposite the first barrel receptacle from the receiver end to the muzzle end.

36. On information and belief, the body of the insert includes a first flange and a second flange, each having an opening for the insertion of a fastener to secure the body of the insert to the stock of the Accused Products.

37. Defendants have infringed and continue to infringe one or more claims of the '278 Patent under 35 U.S.C. § 271(b) by knowingly inducing others to use, sell, offer for sale within the United States, and/or import into the United States the Accused Products.  For example, Fab Defense has induced the Mako Group to use, sell, offer for sale, and import into the United States

the Accused Products knowing that the Mako Group's actions constitute infringement of the '278 Patent. As another example, the Mako Group has induced customers to use, sell, and offer for sale the Accused Products in the United States, knowing that the actions of its customers constitute infringement of the '278 Patent.

38. Defendants have contributed and continue to contribute to infringement of one or more claims of the '278 Patent by making, using, selling, offering for sale within the United States, and/or importing into the United States products that contain components that constitute a material part of the inventions claimed in the '278 Patent and components of products that are used to practice one or more processes/methods covered by the claims of the '278 Patent and that constitute a material part of the inventions claimed in the '278 Patent. For example, each of the Accused Products contains an insert for a firearm stock. Defendants know and have known that this insert is especially made or especially adapted for use in the infringement of the '278 patent, and is not a staple article or commodity of commerce suitable for substantial non-infringing use. Alternatively, Defendants knew or should have known that there is a high probability that others would infringe the '278 Patent but have remained willfully blind to the infringing nature of others' actions. Defendants therefore infringe the '278 Patent under 35 U.S.C. § 271(c).

39. Defendants' acts of infringement of the '278 Patent were undertaken without permission or license from Adaptive Tactical. Defendants had actual and/or constructive knowledge of the '278 Patent, and their actions constitute willful and intentional infringement of the '278 Patent. Defendants have acted and continue to act in disregard of an objectively high likelihood that their actions constituted direct and indirect infringement of a valid patent, and knew or should have known of that objectively high risk.

40. If Defendants' infringing activities are not enjoined, Adaptive Tactical will suffer irreparable harm that cannot be adequately compensated by a monetary award.

41. Adaptive Tactical has suffered economic harm as a result of Defendants' infringing activities in an amount to be proven at trial.

## DEMAND FOR JURY TRIAL

42. Plaintiff hereby demands a trial by jury on all issues so triable pursuant to Federal Rule of Civil Procedure 38.

## PRAYER FOR RELIEF

WHEREFORE, Adaptive Tactical prays for entry of judgment against Defendants, as follows:

1. That judgment be entered that Defendants have infringed one or more claims of United States Patent No. 8,056,278, either literally and/or under the doctrine of equivalents, and/or by others to whose infringement Defendants have contributed and/or by others whose infringement has been induced by Defendants;

2. That judgment and order be entered awarding Adaptive Tactical damages, together with prejudgment and postjudgment interest and costs, to compensate Adaptive Tactical for Defendants' infringement of the '278 Patent;

3. That judgment be entered that the Defendants' infringement is and/or has been willful and increasing the award of damages to Adaptive Tactical up to three times in view of Defendants' willful infringement under 35 U.S.C. § 284;

4. That a permanent injunction be entered enjoining Defendants, and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all

others acting in active concert therewith, from infringement, inducing the infringement of, or contributing to the infringement of the '278 Patent;

     5.     That judgment and order be entered finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding Adaptive Tactical its reasonable attorney's fees;

     6.     That judgment and order be entered awarding Adaptive Tactical all other relief to which Plaintiff may prove itself to be entitled; and

     7.     For such other and further relief as the Court deems just and proper.

DATED THIS 29th day of January, 2016.

                            PARSONS BEHLE & LATIMER

                            By */s/ Dana M. Herberholz*
                                Dana M. Herberholz
                                Christopher Cuneo
                                Jamie K. Ellsworth
                                Jordan L. Stott
                            Attorneys for Plaintiff
                            Adaptive Tactical, LLC