UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ADAPTIVE TACTICAL, LLC, and Idaho Limited Liability Company,<br><br>                    Plaintiff,<br><br>v.<br><br>FAB MANUFACTURING & IMPORT OF INDUSTRIAL EQUIPMENT LTD., an Israel company; and MAKO SECURITY, INC., a New York Company,<br><br>                    Defendants. | Case No. 1:16-cv-00048-EJL-CWD<br><br>**MEMORANDUM DECISION AND ORDER RE: MOTION TO EXPEDITE THE COURT'S RULING ON THE MOTION TO STAY (DKT. 33)** |

**INTRODUCTION**

Pending before the Court is Defendant FAB Manufacturing & Import Industrial Equipment LTD's Motion to Expedite Ruling on Motion to Stay Discovery Pending Ruling on Motion to Dismiss and Motion to Strike Patent Infringements. (Dkt. 33.) For the following reasons, the Court will deny the motion to expedite. [1]

---

[1] The Court held a status conference on September 7, 2016 to discuss the procedural posture of this litigation and the pending motions. During the status conference, FAB Manufacturing stated that it would rather forgo its opportunity to file a reply to the motion to expedite if the Court was ready to rule on the motion.

**MEMORANDUM DECISION AND ORDER RE: MOTION TO EXPEDITE THE COURT'S RULING ON THE MOTION TO STAY - 1**

## PROCEDURAL BACKGROUND

On June 13, 2016, FAB Manufacturing filed a motion to dismiss (Dkt. 20), seeking to dismiss Adaptive Tactical's allegations in the Complaint for patent infringement asserted against FAB Manufacturing. After filing its motion to dismiss, FAB Manufacturing and Adaptive Tactical stipulated to a joint litigation and discovery plan. (Dkt. 23.) The plan did not mention the motion to dismiss or express intent to stay discovery until the Court's resolution of the motion. The Court adopted the discovery plan as part of its Scheduling Order on July 11, 2016. (Dkt. 25.)

The Scheduling Order set July 29, 2016, as the deadline for Adaptive Tactical to disclose its asserted claims and infringement contentions, and September 9, 2016, as the deadline for FAB Manufacturing to disclose its patent invalidity contentions and supporting documents. (Dkt. 23, 25.) In addition, the Scheduling Order permits the parties, by Court Order and upon a timely showing of good cause, to request amendment of these disclosures.

Adaptive tactical timely complied with its patent infringement contention disclosures. On August 30, 2016, nearly one month after receiving Adaptive Tactical's disclosures and just ten days before FAB Manufacturing's deadline to file its invalidity contentions, FAB Manufacturing filed: a motion to strike the infringement contentions, a motion to stay discovery pending the resolution of the motion to strike and motion to dismiss, and the current motion to expedite ruling on the motion to stay. (Dkt. 31, 32, 33.)

**MEMORANDUM DECISION AND ORDER RE: MOTION TO EXPEDITE THE COURT'S RULING ON THE MOTION TO STAY - 2**

## DISCUSSION

FAB Manufacturing contends good cause exists to expedite the motion, because certain discovery deadlines are closely approaching, and because FAB Manufacturing believes it would be prejudiced if forced to move forward with and expend resources on discovery before the Court's resolution of the pending motions to dismiss and strike patent infringements. Adaptive Tactical opposes the motion and contends that good cause does not exist to expedite the motion to stay. (Dkt. 34.) The Court agrees with Adaptive Tactical.

Fed. R. Civ. P. 6(b) provides the following regarding a request for extensions:

When an act may or may not be done within a specified time, the Court may, for good cause, extend the time…if the request is made before the original time or its extension expires.

FAB Manufacturing has not established good cause that might otherwise warrant expediting the briefing schedule and the Court's ruling on the motion to stay. Despite filing a motion to dismiss, FAB Manufacturing agreed to participate in discovery by stipulating to a joint litigation and discovery plan with Adaptive Tactical. It was not until one month after FAB Manufacturing received Adaptive Tactical's infringement contentions, and ten days before FAB Manufacturing's invalidity contention disclosures were due, that FAB Manufacturing made its request to stay discovery. The Court fails to find good cause to expedite FAB Manufacturing' s motion to stay discovery, when it had the ability to file and was aware of facts that may have supported its motion at an earlier date.

**MEMORANDUM DECISION AND ORDER RE: MOTION TO EXPEDITE THE COURT'S RULING ON THE MOTION TO STAY - 3**

Moreover, the pendency of FAB Manufacturing's motion to strike does not provide good cause to expedite the ruling on the motion to stay. The United States Supreme Court has recognized that "[v]alidity and infringement are distinct issues, bearing different burdens, different presumptions, and different evidence." *Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1929 (2015) (citing *M. Swift & Sons, Inc. v. W.H. Coe Mfg. Co.*, 102 F.2d 391, 396 (C.A.1 1939)). Because validity and infringement are distinct issues, the Court may still consider FAB Manufacturing's motion to strike while also requiring that FAB Manufacturing comply with its obligation to timely serve its invalidity contentions. Accordingly, the Court will deny FAB Manufacturing's motion to expedite the motion to stay. The parties are encouraged, however, to meet and confer to discuss amendment of other discovery deadlines.

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED:**

1)  FAB Manufacturing's Motion to Expedite (Dkt. 33) is **DENIED**.

Dated: **September 07, 2016**

Honorable Candy W. Dale
United States Magistrate Judge

**MEMORANDUM DECISION AND ORDER RE: MOTION TO EXPEDITE THE COURT'S RULING ON THE MOTION TO STAY - 4**